(No. 71721.

*In re* GERALD A. SIMS, JR., Attorney-Respondent.

*Opinion filed September 19, 1991.*

Mary K. Foster and Leslie J. Graves, of Springfield, for the Administrator of the Attorney Registration and Disciplinary Commission.

William J. Harte, Ltd., of Chicago (William J. Harte and David J. Walker, of counsel), for respondent.

JUSTICE HEIPLE delivered the opinion of the court:

This disciplinary action against attorney Gerald A. Sims, Jr., is grounded on the established fact that Sims, while he was State's Attorney of Perry County, purchased and used cannabis and cocaine over a several year period. The hearing board found that Sims violated Rule 1—102(a)(3) (engaging in illegal conduct involving moral turpitude), Rule 1—102(a)(5) (engaging in conduct prejudicial to the administration of justice), Rule 5—101(a) (failing to withdraw from employment when his professional judgment is affected by a personal interest), and Rule 5—107(a) (failing to represent his client with undivided fidelity) of the Illinois Code of Professional Responsibility (107 Ill. 2d Rules 1—102(a)(3), (a)(5), 5—101(a), 5—107(a)), and Illinois Supreme Court Rule 771 (engaging in conduct which tends to bring the courts and legal profession into disrepute) (107 Ill. 2d R. 771).

Sims was State's Attorney of Perry County from 1980 through 1985. Sims used cannabis in the presence of other individuals and others used cannabis in his presence from approximately 1979 to 1984. Sims also purchased, possessed, and used small quantities of cocaine in Perry and Jackson Counties, Illinois, between 1979 and 1982. He used cocaine in the presence of other individuals and others used cocaine in his presence. Sims failed to take any action in his role as State's Attorney

in bringing criminal charges against those who sold and used the controlled substances in his presence. He resigned his position as State's Attorney in exchange for a promise by the United States Attorney for the Southern District of Illinois not to indict him. Sims was then hired as an assistant Attorney General for the Virgin Islands in 1985, the position he holds at the present time. The circumstances of his resignation were known to the Attorney General of the Virgin Islands at the time Sims was hired.

Although the hearing board recommended a two-year suspension from the practice of law, a majority of the review board recommended a one-year suspension. Two dissenting members of the review board recommended a two-year suspension stayed by probation. Both parties filed exceptions to the report and recommendation.

In Sims' favor, it is to be noted that no misconduct has been claimed since 1985, a period of six years. Character witnesses indicate that Sims' problems are behind him and that he is currently doing just fine. If the only factor to be considered here were Sims' rehabilitation, it would be reasonable to impose a sanction such as censure or reprimand. However, rehabilitation is not the only factor or, in this case, the most important factor. This case involved a flaunting of the law by a prosecuting attorney over a several year period. With all due respect to the respondent and his future career, we have to conclude that any sanction less than the two-year suspension recommended by the hearing board would denigrate the seriousness of his conduct and would erode public trust in the accountability of its elected officials. Accordingly, the respondent, Gerald A. Sims, is ordered suspended from the practice of law for two years.

*Respondent suspended.*